

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 1 1 2013

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

THOMAS RAY BOWERS,               §
                                 §
              Petitioner,        §
                                 §
v.                               §        No. 4:13-CV-413-A
                                 §
WILLIAM STEPHENS, Director,      §
Texas Department of Criminal     §
Justice, Correctional            §
Institutions Division,           §
                                 §
              Respondent.        §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Thomas Ray Bowers, a state prisoner currently incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), in Huntsville, Texas, against William Stephens, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed with prejudice on limitations grounds.

### I.  FACTUAL AND PROCEDURAL HISTORY

In 2000 petitioner was indicted on three counts of indecency with a child, A.B., in Case No. 0776711 in Tarrant County, Texas.

(Clerk's R. at 6)   He was re-indicted in 2001 on one count of aggravated sexual assault of A.B., a child younger than 14 years of age (Count One), and four counts of indecency with A.B. (Counts Two through Five) in Case No. 0818693R.   (SHR at 73[1])   On June 26, 2002, the state chose to proceed on count one, and petitioner's jury trial commenced.   (RR, vol. 2, at 5-6)   The jury found petitioner guilty and, on June 27, 2002, assessed his punishment at 28 years' imprisonment.[2]   (SHR at 74)

Petitioner appealed the judgment of conviction, but the Second District Court of Appeals of Texas affirmed the judgment, and, on February 18, 2004, the Texas Court of Criminal Appeals refused discretionary review.   (SHR at 76-97); *Bowers v. State,* PDR No. 1753-03.   Petitioner did not seek writ of certiorari. (Pet. at 3)   Therefore, the judgment of conviction became final 90 days later on May 18, 2004.   *Flanagan v. Johnson,* 154 F.3d 196, 197 (5th Cir. 1998); Sup. Ct. R. 13.

On September 21, 2012, over eight years later, petitioner filed a state habeas application challenging his conviction on

---

[1]"SHR" refers to the court record in petitioner's state habeas corpus proceedings in *Ex parte Bowers,* WR-79,280-01.

[2]Counts two through five were severed prior to trial.   (RR, vol. 2, at 5-6)

2

the basis that his original counsel, Charles E. Smith, failed to inform the state of his acceptance of a 7-year plea bargain offer.[3]  The state habeas court conducted a hearing by affidavit and entered findings of fact and legal conclusions refuting petitioner's claim, and the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court.  (SHR at cover, 7, 13)  This federal petition was filed on May 14, 2013.[4]

## II.   ISSUES

Petitioner raises four grounds for the first time in this federal petition, claiming he received ineffective assistance of counsel because Smith failed to inform him of an alleged 20-year plea offer by the state before the case was re-indicted that would have resulted in a lesser charge and less time.  (Pet. at 6-7)  Petitioner bases his claims on a prosecutor's January 31,

---

[3]Petitioner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013).  The application does not state the date petitioner placed the document in the prison mailing system, however the "Inmate's Declaration" on page 12 of the application was signed by petitioner on September 21, 2012; thus, for purposes of these findings, the undersigned deems the state application filed on September 21, 2012.  (SHR at 13)

[4]Petitioner's federal habeas petition is also deemed filed when it is placed in the prison mailing system for mailing.  *See Spotville v. Cain,* 149 F.3d 374, 377 (5th Cir. 1998).

2001, notation in petitioner's case file stating-

> 20 years TDC - ROCK BOTTOM <u>NO LESS</u>!  This [defendant]
> got a DFAJ (for no good reason) for injury to a child
> (this IP) when she was 3 months old.  [Defendant]
> <u>confessed</u> to breaking 7 ribs, etc . . .

(SHR at 45) (emphasis in original)

Nearly a year later on January 25, 2002, a prosecutor placed

another notation in petitioner's case file stating-

> 1/25/02  Mtg w/ [defense] attorney:  Charlie says I
> need to see if there has been any recantation.
> [Defense] attorney says he'd like us to consider
> prob[ation] or short jail time (5 yrs?) if [defendant]
> guilty.

(SHR at 47)

After the case was re-indicted, Rose Anna Salinas

substituted as counsel for petitioner.  (Clerk's R. at 12; SHR at

58)

### III.  STATUTE OF LIMITATIONS

Respondent asserts the petition is time-barred.  (Resp't

Prel. Resp. at 5-9)  Title 28 U.S.C. § 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to
> an application for a writ of habeas corpus by a person
> in custody pursuant to the judgment of a State court.
> The limitation period shall run from the latest of-

> > (A)  the date on which the judgment
> > became final by the conclusion of direct
> > review or the expiration of the time for
> > seeking such review;

filing an application created by State action
in violation of the Constitution or laws of
the United States is removed, if the
applicant was prevented from filing by such
State action;

    (C)   the date on which the
constitutional right asserted was initially
recognized by the Supreme Court, if the right
has been newly recognized by the Supreme
Court and made retroactively applicable to
cases on collateral review; or

    (D)   the date on which the factual
predicate of the claim or claims presented
could have been discovered through the
exercise of due diligence.

    (2)   The time during which a properly filed
application for State post-conviction or other
collateral review with respect to the pertinent
judgment or claim is pending shall not be counted
toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Typically, with the limited exceptions under subsections (A)
through (D), the limitations period begins to run from "the date
on which the judgment became final by the conclusion of direct
review or the expiration of the time for seeking such review"
under subsection (A).  Without citing to any specific exception,
petitioner argues that it is his right, as created by the Supreme
Court decisions in *Lafler v. Cooper*, — U.S. —, 132 S. Ct. 1376
(2012), and *Missouri v. Frye*, — U.S. —, 132 S. Ct. 1399 (2012),
decided last year, to accept the 20-year plea offer and that he

did not know of the alleged offer until the state filed its response, with documentary exhibits, to his state habeas application. (Doc. 19; Pet. at 7, 9)

Petitioner's arguments could implicate the statutory exceptions under subsections (C) or (D). However, neither *Lafler* nor *Frye* recognized a new right that is retroactively applicable on collateral review. *In re King*, 697 F.3d 1189 (2012). Nor can the Supreme Court's decisions serve as the factual, as opposed to the legal, predicate for his claims within the meaning of subsection (D). *Lo v. Endicott*, 506 F.3d 572, 575-76 (7th Cir. 2007), *cert. denied*, 552 U.S. 1249 (2008); *Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005), *cert. denied*, 546 U.S. 1171 (2006). Any conclusion to the contrary would emasculate the statute's scheme to promote finality and render subsection (C) meaningless. *Lo*, 506 F.3d at 575-76; *Shannon*, 410 F.3d at 1088.

Further, although a plea offer was discussed between a prosecutor and Smith, there is no evidence that the state, in fact, made any plea offers in petitioner's case, before or after re-indictment. In petitioner's state habeas application, he alleged that approximately two months after retaining Smith in 2000, Smith conveyed to him the state's 7-year plea offer, that he accepted the offer, and that Smith refused to inform the state

of his acceptance until petitioner paid the remainder of his

attorney fees. (SHR at 7) Smith responded to petitioner's

allegations in his affidavit as follows:

> At no time during the representation of Thomas Ray
> Bowers did I negotiate or receive a seven year plea
> bargain offer from the State. I have never failed in
> my 30 plus years of Criminal Law Defense Practice to
> communicate to my client any offer, to communicate to
> the State an acceptance of an offer or to finish a
> case, if my client so desired, simply because the
> client[']s financial obligation had not been met.

(SHR at 65)

Substituted counsel Salinas also submitted an affidavit,

wherein she stated:

> I have no knowledge that a seven year offer was
> ever made to Mr. Bowers by the State. Mr. Bowers never
> mentioned it to me while I was his legal counsel. If
> he had told me that an offer had been made and that he
> intended to accept it, I would [have] confirmed with
> the prosecutor the offer had previously existed and I
> would have requested the State reoffer the seven year
> plea offer. If the State refused, I would have made a
> record prior to trial, including testimony from Mr.
> Smith of the existence of the offer and the reason for
> its non-acceptance in order to compel the State to re-
> offer it.

(SHR at 58)

Based on counsel's affidavits and his knowledge of local

practices, the state habeas judge found that it was the practice

of the Tarrant County District Attorney's Office to write plea

offers on their files at the time of petitioner's trial, that

offers on their files at the time of petitioner's trial, that
Smith approached the state for a possible plea offer but did not
mention any prior 7-year plea offer, that the State did not make
a 7-year plea offer to Smith, and that petitioner never advised
Salinas of a 7-year plea offer.  (SHR at 60-61)

Although irrelevant to petitioner's claims in this federal
petition, clearly petitioner brought a similar claim in state
court that the state courts' found incredible and without any
substantiation in the record.  Similarly, there is no evidence
whatsoever to support petitioner's claims he now raises, other
than his bald assertions and conclusory allegations, which are
insufficient to support a petition for writ of habeas corpus.
*Miller v. Johnson*, 200  F.3d 274, 282 (5th Cir. 2000); *Ross v.
Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).  Under
subsection (D), the time at which petitioner actually discovered
the notations in his case file is irrelevant.  The statute of
limitations begins to run on the date the "factual predicate" of
the claim *could have been discovered"* through the exercise of
due diligence.  28 U.S.C. § 2254(d)(1)(D) (emphasis added).
Clearly, petitioner could have ascertained whether there were any
plea bargain offers by the state before conclusion of the trial

court proceedings if he had exercised due diligence.   Petitioner has failed to demonstrate that the limitations period was triggered by a statutory exception under subsection (C) or (D).

Instead, subsection (A) applies to this case.   Under this provision, the trial court's judgment of conviction became final and the one-year limitations period began to run upon expiration of the time that petitioner had for filing a petition for writ of certiorari on May 18, 2004, and closed one year later on May 18, 2005.   Thus, petitioner's federal petition raising his claims was due on or before May 18, 2005, absent any tolling.

For purposes of statutory tolling, petitioner's state habeas application filed in September 2012, over seven years after the expiration of the limitations period, did not operate to toll the running of the federal period under § 2244(d)(2).   *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).   Nor has petitioner demonstrated that equitable tolling is justified.   *Holland v. Florida*, — U.S. —, 130 S. Ct. 2549, 2560 (2010).   For equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way'" and prevented him from filing a timely petition.   *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)).

9

Petitioner fails to show he acted with any diligence, much less due diligence, in learning whether any plea offers existed before trial, and his extreme delay in seeking postconviction habeas relief mitigates against equitable tolling.  "Equity is not intended for those who sleep on their rights."  *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Because a federal petition raising petitioner's claims was due on or before May 18, 2005, his petition filed on May 8, 2013, is untimely.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.[5]

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for

---

[5]The court makes no ruling on petitioner's pending motion (doc. 18).  In the motion, petitioner seeks a "loaner copy of cited cases, information and material" regarding other state convictions noted in respondent's footnote 3 on page 4 of his preliminary response.  According to petitioner, he has only the one conviction in Case No. 0818693R.  The TDCJ website confirms petitioner's claim.  *See* The Texas Department of Criminal Justice (TDCJ), Offender Information Detail, available at www.tdcj.state.tx.us/offender_information.  Apparently, the footnote was included by respondent in error.

the reasons discussed herein, the court further ORDERS that a

certificate of appealability be, and is hereby, denied, as

petitioner has not demonstrated that his petition is, or should

be deemed, timely filed or made a substantial showing of the

denial of a constitutional right.

SIGNED October _____11_____, 2013.


JOHN McBRYDE
UNITED STATES DISTRICT JUDGE